IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

WARREN CUTHA HESTER, II,

                Plaintiff,

v.                                      CIVIL ACTION NO.  5:07-cv-00401

STATE OF WEST VIRGINIA, et al.,

                Defendants.

**MEMORANDUM OPINION**

By Standing Order entered August 1, 2006, and filed in this case on June 28, 2007, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R [Docket 53] on July 29, 2008.  In that filing, the magistrate judge recommended this Court find that pro se Plaintiff Warren Cutha Hester, II's Complaint [Docket 1] fails to state a claim upon which relief can be granted against the State of West Virginia, Raleigh County Circuit Judge John A. Hutchison (Judge Hutchison), and Raleigh County Chief Assistant Prosecutor Kristen L. Keller (Keller) (collectively, Defendants).  As a consequence, the magistrate judge recommended that this Court grant the Motion to Dismiss filed by the State of West Virginia and Judge Hutchison [Docket 28] and the Motion to Dismiss filed by Keller [Docket 31-1].  Magistrate Judge Stanley further recommended that this Court deny the following motions filed by Plaintiff: Plaintiff's Motion for Preliminary Injunction and Prospective Injunctive Relief [Docket 34], Motion to Renounce Defendant's Kristen L. Keller's Motion to Dismiss [Docket 32], Motion to Refute Defendants John

A. Hutchison's and Kristen L. Keller's Argument the Plaintiff is Complaining of Trial Errors [Docket 33], and Motion to Answer and Object to Defendant John Hutchison's Motion to Dismiss [Docket 35].  Objections to Magistrate Judge Stanley's PF&R were due by August 11, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Petitioner filed timely objections to the PF&R on August 6, 2008.

## I. BACKGROUND

Plaintiff was convicted of two counts of first degree sexual assault in the Circuit Court of Raleigh County, West Virginia.[1]  Judge Hutchison presided over Plaintiff's sexual assault trial and Keller served as the prosecuting attorney.  Plaintiff is presently a prisoner at the Mt. Olive Correctional Complex in Mount Olive, West Virginia.  During Plaintiff's trial, Keller offered, and Judge Hutchison admitted over Plaintiff's objection, testimony regarding Plaintiff's two prior convictions for sexual crimes.  Plaintiff had been a juvenile at the time of the prior convictions, which were entered in the State of Ohio and the District of Columbia, respectively.

On June 26, 2007, Plaintiff filed a complaint alleging that Defendants deprived him of his civil liberties in violation of 42 U.S.C. § 1983.[2]  According to Plaintiff's complaint,

> Two West Virginia State officials opened my juvenile record to the public.  In January 2006 Raleigh County Judge John Hutchison and Raleigh County Prosecutor Kristen L. Keller opened my juvenile record to the public. It is illegal, unconstitutional, a violation of my civil rights and civil liberties under the West

---

[1]  The factual and procedural history of this action is set forth in greater detail in the PF&R.

[2]  It must be noted that Plaintiff does not expressly invoke § 1983 in his complaint or amended complaint. (*Cf.* Dockets 1, 4.)  However, Magistrate Judge Stanley addressed Plaintiff's complaint as a § 1983 claim.  Mindful of the need to afford due deference to pro se litigants, *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Court will treat Plaintiff's claim as a § 1983 action as well. *C.f.* 28 U.S.C. § 1915A(b) (stating that courts are to "identify cognizable claims" in civil actions filed by prisoners against government entities).

> Virginia and United States Constitution to open to the public for view a West
> Virginia Citizen juvenile record. Prosecutor of the State of West Virginia Kristen
> L. Keller violated a federal law . . . [b]ecause she did not petition the District of
> Columbia courts, which is a federal court, to open my District of Columbia juvenile
> records to the State of West Virginia.

(Docket 1 at 4–5.) Plaintiff later clarified his allegations with regard to he juvenile record from the

District of Columbia, stating,

> The defendant, Kristen L. Keller sought the plaintiffs [sic] juvenile record from
> Washington, D.C., which is a federal city. . . . Because the District of Columbia
> Juvenile Records are confidential, and the only legal way to have them open to
> anyone is through a judge in the District of Columbia Court System, which the
> defendants failed to go through that process.

(Docket 4 at 2.) These actions, according to Plaintiff, violated numerous laws of the District of

Columbia, including D.C. Code §§ 16-2316, 16-2331, 16-2332, and 16-2363. (*See* Docket 24.)

Plaintiff is less specific as to how Keller obtained his juvenile record from Ohio illegally.

Aside from the unelaborated assertion that "the State of Ohio didn't give the Defendants . . . the

permission to open the Plaintiff's [juvenile] records," Plaintiff makes no specific allegations as to

how his juvenile records were obtained from the Ohio authorities. (Docket 32 at 2.) He does,

however, cite Rule 37 of the Ohio Rules of Juvenile Procedure in support of his allegation. Rule

37 states, "No public use shall be made by any person, including a party, of any juvenile court

record, including the recording or a transcript of any juvenile court hearing, except in the course

of an appeal or as authorized by order of the court or by statute." Ohio R. Juv. P. 37(b).

Plaintiff argues that the manner in which his juvenile conviction records were obtained, and

the subsequent use of those records in his sexual assault trial in the Circuit Court of Raleigh

County, violated constitutionally protected rights. Plaintiff requests the following forms of relief:

an order directing the State of West Virginia and Judge Hutchison to reseal his juvenile records;

3

an order compelling the State of West Virginia, Judge Hutchison, and Keller to remove any juvenile records that may still be located in the Raleigh County Prosecutor's office; an order restricting the news media from publishing any information regarding Plaintiff's juvenile record; and an award of monetary damages against Judge Hutchison and Keller.

In her PF&R, following a review of the record in this action, the magistrate judge found that the manner in which Plaintiff's juvenile records were obtained and used against him in his prosecution in the Raleigh County Circuit Court did not abridge any of Plaintiff's federal constitutional or statutory rights. Accordingly, Magistrate Judge Stanley recommended that all outstanding motions be resolved against Plaintiff and that the action be dismissed from this Court's docket. Plaintiff raises numerous objections to the PF&R. Each of Plaintiff's properly raised objections is entitled to de novo review and will be addressed in turn below.

## II. LEGAL STANDARD

Fed. R. Civ. P. 72(b) provides, in relevant part:

> [A] party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b*); accord* 28 U.S.C. § 636.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections

4

that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

III. DISCUSSION

*A. Defendants' Motions to Dismiss*

Defendants' motions to dismiss, in which they argue that Plaintiff's complaint fails to state a claim upon which relief can be granted, must be evaluated under the standard set forth in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). According to *Twombly*, a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 1965. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 1973. In testing the sufficiency of the complaint, the Court also must "accept[] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005).

Plaintiff's claims arise under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

5

42 U.S.C. § 1983.  Three elements are necessary to establish a plausible claim under § 1983: "(1) the deprivation of a right secured by the Constitution or a federal statute; (2) by a person; (3) acting under color of state law."  *Jenkins v. Medford*, 119 F.3d 1156, 1159–60 (4th Cir. 1997).  It is undisputed that Judge Hutchison and Keller were persons acting under color of state law.  Therefore, to survive Defendants' motions to dismiss, Plaintiff's complaint must allege facts that, if true, would constitute a deprivation of a right secured by the Constitution or laws of the United States.  The magistrate judge concluded that Plaintiff's complaint did not allege sufficient facts to support a plausible § 1983 claim.  More specifically, no deprivation of a constitutional or statutory right could be identified from Plaintiff's allegations.   Plaintiff asserts six objections to the PF&R's recommended disposition of Defendants' motions to dismiss.

*(1) Plaintiff's First Objection: Construction of West Virginia Code § 49-5-17(a)*

Plaintiff objects to the magistrate judge's interpretation of W. Va. Code § 49-5-17(a).  Section 49-5-17(a) states, "Records of juvenile proceedings conducted under this chapter are not public records and shall not be disclosed to anyone unless disclosure is otherwise authorized by this section."  Plaintiff argues that this section requires that all juvenile criminal records of West Virginia citizens—including juvenile records from other jurisdictions—remain confidential in all criminal proceedings within the State.  Applying this statute to his case, Plaintiff concludes that because he is a citizen of West Virginia, his juvenile records from other jurisdictions must remain confidential.  Plaintiff misreads the statute.

As Magistrate Judge Stanley noted, section 49-5-17(a) is applicable to "[r]ecords of juvenile proceedings *conducted under this chapter*."  W. Va. Code § 49-5-17(a) (emphasis added).  Neither of Plaintiff's juvenile proceedings—which took place in the District of Columbia and Ohio—were

conducted under chapter 49 of the West Virginia Code. Therefore, the records of those proceedings

are not made confidential by section 49-5-17(a). Plaintiff's first objection is **OVERRULED**.

*(2) Plaintiff's Second Objection: Applicability of the Full Faith and Credit Clause*

Plaintiff argues that the magistrate judge erred by not finding that the Raleigh County Circuit

Court is obligated by the Full Faith and Credit Clause, U.S. Const. art. IV, § 1, to conform its actions

to the juvenile confidentiality laws of the District of Columbia and Ohio. In Plaintiff's words,

> [T]he District of Columbia and State of Ohio Statutory Laws, that has jurisdiction
> of the said juvenile records, deems the said records are private, confidential, not to
> be misused, and not open to the public; Thereby the Defendants also violated the
> Plaintiff's United States Constitutional Rights and Liberties of Article IV Section 1.

(Docket 54 at 2.) Plaintiff's reliance on the Full Faith and Credit Clause for this purpose is

misplaced.

The Full Faith and Credit Clause does not require the State of West Virginia to follow the

rules of criminal procedure and evidence of sister states in its courts. "[T]he very nature of the

federal union of states . . . precludes resort to the full faith and credit clause as a means of

compelling a state to substitute the statutes of other states for its own statutes dealing with a subject

matter concerning which it is competent to legislate." *Pac. Employers Ins. Co. v. Indus. Accident

Comm'n*, 306 U.S. 493, 501 (1939). West Virginia's legislature is competent to determine which

types of records are admissible in the State's courts. Furthermore, West Virginia has a strong

interest in prosecuting sexual assault crimes occurring wholly within its jurisdiction, and the

application of West Virginia's juvenile record confidentiality laws in such prosecutions is "'neither

arbitrary nor fundamentally unfair.'" *Franchise Tax Bd. v. Hyatt*, 538 U.S. 488, 494 (2003) (quoting

*Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818 (1985)). Thus, it is of no consequence that the

laws of the District of Columbia or Ohio may have prohibited the disclosure of Plaintiff's juvenile

7

records or the admission of those records in a criminal prosecution in those respective jurisdictions.[3]

Defendants were correct in applying West Virginia law to determine the admissibility of Plaintiff's

records.  Accordingly, Plaintiff's second objection is **OVERRULED**.

### (3) Plaintiff's Third Objection: Cruel and Unusual Punishment of Plaintiff

Plaintiff raises a novel Eighth Amendment argument couched as an objection to the PF&R.

Plaintiff argues in his objections that the use of his juvenile records in his Raleigh County Circuit

Court trial amounted to cruel and unusual punishment in violation of the Eighth Amendment, U.S.

Const. amend. VII.  (*See* Docket 54 at 3.)  Plaintiff previously has referred to the Eighth Amendment

only in passing.  (*See, e.g.*, Docket 23 at 3–4 ("The Defendant Kristen L. Keller desecrated the

Plaintiff's 4, 5, 8, 9, and 15 amendments of the United States Constitution, by profanely violating

the Plaintiff's protected rights [under West Virginia and District of Columbia law].").)  More

importantly, none of Plaintiff's prior arguments discuss how the admission of his juvenile records

at trial is a "punishment" within the meaning of the Eighth Amendment.

Although the Court is mindful of the difficulties a pro se plaintiff faces in undertaking his

own representation, Plaintiff has been afforded ample opportunities to fully develop his arguments.

Plaintiff filed his initial complaint on June 26, 2007, and an amended complaint on July 5, 2007.

On November 5, 2007, he further developed his arguments by filing two "Answers" in response to

Defendants' motions for more definite statement.  It would be inappropriate to permit Plaintiff to

introduce additional arguments at this stage of the action.  *See Jesselson v. Outlet Assocs. of

Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("Review of a Magistrate's

---

[3] The Court need not, and indeed does not, make any findings as to whether Plaintiff's records were
obtained in violation of the laws of the District of Columbia or Ohio.

ruling . . . does not permit consideration of issues not raised before the Magistrate."). Thus, to the extent that this argument "do[es] not direct the Court to a specific error in the magistrate's proposed findings and recommendations," *Orpiano*, 687 F.2d at 47, the Court need not consider it. Accordingly, the Court will not entertain this argument and Plaintiff's third objection is **OVERRULED**.

> *(4) Plaintiff's Fourth Objection: Judge Hutchison and Keller's Liability under 18 U.S.C. §§ 241, 242*

Plaintiff objects to the magistrate judge's "findings and recommendations[] that assert[] the Defendant[s] are not liable under criminal law of [18 U.S.C. §§ 241, 242]."  (Docket 54 at 4.) Section 241 provides, in pertinent part,

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same;
> . . . .
> They shall be fined under this title or imprisoned not more than ten years, or both . . . .

18 U.S.C. § 241.  Section 242 states, in relevant part,

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both . . . .

18 U.S.C. § 242.  Magistrate Judge Stanley concluded that Plaintiff could not assert a claim under these provisions because "[a] private citizen may not institute a civil action under the authority of a criminal law." (Docket 53 at 11.)

A private right of action may be implied from a criminal statute only if it is evident from the wording of the statute that Congress intended to create a private right and a private remedy.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)).  Thus, where the statute does not manifest an "unmistakable focus" on an "identifiable class" of benefitted persons, no private right of action can be inferred.  *Id*. at 283–84.

No identifiable class of benefitted persons can be found in the text of § 241 or § 242.  The protection of § 241 extends to "any person."   Similarly, § 242 benefits "any person" who experiences a deprivation of rights on account of alienage, color, or race.  Because every person has an alienage, color, and race, it is clear that § 242 does not manifest an unmistakable focus on a discrete class of protected persons.  Although neither the Supreme Court of the United States nor the Fourth Circuit have addressed this issue specifically, other courts have reached the same conclusion regarding civil claims under § 241 and § 242.  *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *McCauley v. Computer Aid, Inc.*, 447 F. Supp. 2d 469, 477 (E.D. Pa. 2006); *Curry v. Weiford*, 389 F. Supp. 2d 704, 714 (N.D. W. Va. 2005).  For this reason, no private right of action can be inferred from 18 U.S.C. §§ 241, 242, and Plaintiff's fourth objection is **OVERRULED**.

*(5) Plaintiff's Fifth Objection: Immunity of Judge Hutchison*

Plaintiff vigorously contests the magistrate judge's finding that Judge Hutchison is entitled to absolute judicial immunity for the acts giving rise to this action.  The thrust of Plaintiff's objection is that Judge Hutchison acted in excess of his jurisdiction when he admitted Plaintiff's juvenile records:  "[Judge Hutchison] violated all jurisdiction . . . across two (2) states and one (1) Federal City, concerning the handling Plaintiff's Juvenile Court Records."  (Docket 54 at 5.)  In

10

support of this proposition, Plaintiff cites the Federal Courts Improvement Act of 1996, which provides that "no judicial officer shall be held liable for any cost . . . in any action brought against such officer for an act or omission taken in such officer's judicial capacity, unless such action was clearly in excess of such officer's jurisdiction." Pub. L. No. 104-317, § 309(a), 110 Stat. 3847, 3858 (1996) (codified as note to 28 U.S.C. § 2412).

Plaintiff's argument misconstrues the meaning of "jurisdiction." Jurisdiction is defined as "[a] court's power to decide a case or issue a decree." Black's Law Dictionary 867 (8th ed. 2004). At issue is whether Judge Hutchison had the jurisdiction—i.e. the power—to make the disputed evidentiary ruling. The issue is not, as Plaintiff incorrectly argues, whether Judge Hutchison's evidentiary ruling was correct.

Judge Hutchison, a duly elected judge of the Raleigh County Circuit Court, properly exercised subject-matter jurisdiction over Plaintiff's sexual assault trial. West Virginia vests its circuit courts with original and general jurisdiction over all criminal prosecutions. W. Va. Code § 51-2-2. The authority to exercise jurisdiction over a case includes the power to rule on the admissibility of evidence offered under W. Va. R. Evid. 404(b), as Judge Hutchison did in Plaintiff's trial. *See State v. McGinnis*, 455 S.E.2d 516, 524 n. 10 (W. Va. 1994) ("[T]he decision to admit Rule 404(b) evidence is exclusively that of the trial court pursuant to Rule 104(a)."). Thus, Judge Hutchison was not acting clearly in excess of his jurisdiction when he admitted the evidence of Plaintiff's juvenile convictions.

Upon establishing that the disputed evidentiary ruling was made pursuant to a proper exercise of Judge Hutchison's jurisdiction, the matter of his judicial immunity may be quickly resolved. A judge enjoys absolute immunity from liability unless the disputed action was (1)

11

nonjudicial (i.e. "not taken in the judge's judicial capacity"), or (2) judicial in nature but "taken in the complete absence of jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Plaintiff does not allege that Judge Hutchison was acting in a nonjudicial capacity and, for the reasons stated above, Judge Hutchison's disputed evidentiary ruling was within the court's jurisdiction. Accordingly, the Court **FINDS** that Judge Hutchison enjoys absolute judicial immunity for his decision to admit Plaintiff's juvenile records at his sexual assault trial and Plaintiff's fifth objection is **OVERRULED**.

### (6) Plaintiff's Sixth Objection: Immunity of Keller

Plaintiff objects to Magistrate Judge Stanley's finding that "Kristen L. Keller is entitled to Qualified Immunity." (Docket 54 at 6.) He proceeds to argue that Keller is not entitled to qualified immunity because she was "well aware of the improper, unethical, and down right illegal unconstitutional acts she [was] committing." (*Id*.) Plaintiff's allegations may be of some consequence under a qualified immunity analysis. However, his sixth objection is clearly erroneous because the magistrate judge's proposed findings relied on the principle of *absolute* immunity.[4]

Absolute and qualified immunity are distinct concepts applicable in different circumstances. As the Supreme Court has stated,

> The procedural difference between the absolute and the qualified immunities is important. An absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity. The fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, as established by the evidence at trial.

*Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976).

---

[4]Finding that Keller enjoyed absolute immunity from this action, the magistrate judge declined to address the issue of Keller's potential qualified immunity. (Docket 53 at 25.)

The potential liability of prosecutors is to be determined by conducting an absolute immunity analysis. *Id.* at 427 (holding that a prosecutor possesses "the same absolute immunity under [42 U.S.C.] § 1983 that the prosecutor enjoys at common law" and that "qualifying a prosecutor's immunity would disserve the broader public interest"). The magistrate judge applied the proper analysis and concluded that Keller was entitled to absolute immunity. Plaintiff does not direct any specific objections to this finding. Accordingly, Plaintiff's sixth objection is **OVERRULED**.

*(7) Plaintiff's Seventh Objection: Collateral Attack*

Plaintiff objects to the magistrate judge's discussion of whether Plaintiff's suit constituted a collateral attack on his conviction. In that discussion, the magistrate judge described an argument raised by Keller that Plaintiff's claim was barred under the holding in *Heck v. Humphrey*, 512 U.S. 477 (1997) (holding that a § 1983 plaintiff alleging an unconstitutional conviction must first have his sentence reversed, expunged, declared invalid, or oppugned by the issuance of a writ of habeas corpus). After outlining Keller's argument, Magistrate Judge Stanley decided it was unnecessary to address the issue because Keller enjoyed absolute immunity from the action.

Plaintiff does not object to the magistrate judge's decision not to evaluate the potential implications of *Heck*. Rather, Plaintiff takes issue with Keller's argument, which was raised in her motion to dismiss (*see* Docket 31-1 & Ex. 3) and referenced only incidentally in the PF&R. Because Plaintiff's objection is not directed at a finding or recommendation found in the PF&R, it is **OVERRULED**.

### B.  Plaintiff's Motion for Preliminary Injunction

Plaintiff filed a Motion for Preliminary Injunction and Prospective Relief  [Docket 34] on February 12, 2008 pursuant to Fed. R. Civ. P. 65(a).  In that motion, Plaintiff requested that the Court take the following actions:

> (a) [C]onfiscate the Plaintiff's District of Columbia and The State of Ohio Juvenile Court Records from The State of West Virginia, and/or remove, conceal, cover up, redact, camouflage, obscure, or blot out information concerning the Plaintiff's said Juvenile Court Records from all city, county, and State files within The State of West Virginia [;] . . . .
> (b) [O]rder the Plaintiff's Juvenile Court Records private and confidential, and not open to the public, within State wide jurisdiction of the State of West Virginia[;]
> (c) [O]rder the Beckley Register Herald, WOAY-T.V., along with any other newspaper, television, and radio company within the jurisdiction of The State of West Virginia, from printing, reprinting, broadcasting, nor rebroadcasting any information concerning the Plaintiffs [sic] Juvenile Court Records . . . .

(Docket 34 at 12–14.)

A preliminary injunction is an equitable remedy that may be invoked prior to the resolution of an action on the merits.  To obtain a preliminary injunction, the burden is placed on the moving party to demonstrate the need for the injunction under four factors: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest."  *DOL v. Wolf Run Mining Co.*, 452 F.3d 275, 280 (4th Cir. 2006).

The magistrate judge concluded that Plaintiff had not demonstrated that he was in imminent danger of irreparable harm or that any of his constitutional rights were violated.  For these reasons, the PF&R recommended that the Court deny Plaintiff's motion for a preliminary injunction. The Court agrees.

Plaintiff objects to the PF&R's recommended denial of his request for a preliminary injunction. Plaintiff argues that his claims for injunctive relief against Judge Hutchison and Keller for alleged violations of Plaintiff's constitutional rights are not barred by the Eleventh Amendment, U.S. Const. amend XI. Although he correctly states the law on this point, *see Fowler v. Alexander*, 478 F.2d 694, 696 (4th Cir. 1973), his objection is without merit. Magistrate Judge Stanley did not rely on the Eleventh Amendment to conclude that injunctive relief is inappropriate. Rather, the magistrate judge stated that Plaintiff had not alleged sufficient facts to merit a preliminary injunction. Plaintiff has not stated a specific objection to the PF&R's finding that he is not in imminent danger of irreparable harm and the Court will not review this finding further. Thus, Plaintiff's objection to the PF&R's recommendation that his motion for a preliminary junction be denied is **OVERRULED**.

C.  *Plaintiff's Remaining Motions*

Additionally, Plaintiff filed three documents on February 12, 2008 titled "Motion to Renounce Defendant's Kristen L. Keller's Motion to Dismiss" [Docket 32], "Motion to Refute Defendants John A. Hutchison's and Kristen L. Keller's Argument the Plaintiff is Complaining of Trial Errors" [Docket 33], and "Motion to Answer and Object to Defendant John Hutchison's Motion to Dismiss" [Docket 35]. Although styled as motions, these documents are more appropriately viewed as responses to Defendants' motions to dismiss. Nonetheless, Magistrate Judge Stanley recommended that these motions be denied. Plaintiff does not object to these recommendations and the Court need not review them. *See Thomas*, 474 U.S. at 150. These motions are therefore **DENIED**.

15

## *IV. CONCLUSION*

Finding that none of Plaintiff's objections have merit, and that Magistrate Judge Stanley's findings and recommendations are correct, the Court hereby **ADOPTS** the findings and recommendations of the PF&R.  The Motion to Dismiss filed by the State of West Virginia and Judge Hutchison [Docket 28] and the Motion to Dismiss filed by Keller [Docket 31-1] are **GRANTED**.  Plaintiff's Motion for Preliminary Injunction and Prospective Injunctive Relief [Docket 34], Motion to Renounce Defendant's Kristen L. Keller's Motion to Dismiss [Docket 32], Motion to Refute Defendants John A. Hutchison's and Kristen L. Keller's Argument the Plaintiff is Complaining of Trial Errors [Docket 33], and Motion to Answer and Object to Defendant John Hutchison's Motion to Dismiss [Docket 35] are **DENIED**.  This action is **DISMISSED** from the Court's docket. A Dismissal Order will be entered this day implementing the rulings contained herein.

The Clerk is **DIRECTED** to mail certified copies of this Memorandum Opinion to all counsel of record, Plaintiff, pro se, and United States Magistrate Judge Mary E. Stanley.

ENTER:        SEPTEMBER 18, 2008

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

16